IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DR. MICHAEL J. DUBIN,

    Plaintiff,

v.

VERONICA DELCOURT AND GWEN TORKELSON,

    Defendants.

Case No.: 10-cv-713

---

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

---

**INTRODUCTION**

Plaintiff's ("Dubin") Response to Defendants' Motion to Dismiss Complaint ("Response") underscores that he understands that 42 U.S.C. § 1981 protects against employment discrimination based on race, not religion. His hope, however, is that by telling the Court that he actually *is* Jewish (a protected race under the statute) and not just a follower of the Jewish faith, the Court will effectively find that his Jewish faith and his ethnicity are interchangeable for purposes of the statute. They are not.

Dubin's complaint differs very little from his complaint in Case No. 10-CV-35 and is factually identical to the proposed amended complaint in that case, which the Court denied him leave to file. Here, dismissal is appropriate given the context of this complaint in the overall scheme of Dubin's lawsuits against his former employer and some of his former colleagues.

**ARGUMENT**

    A.    **Fed. R. Civ. P. 12(b)(6) Requires Dismissal of Each of Dubin's Claims.**

Dubin has not pleaded facts to support actionable claims under 42 U.S.C. § 1981. Section 1981 provides no remedy for discrimination based upon Dubin's religion – Judaism. Dubin must allege not just that he was discriminated against because he *is* Jewish – which he has not – but also facts supporting that claim. *See Bachman v. St. Monica's Congregation*, 902 F.2d 1259, 1261 (7th Cir. 1990). Dubin has not done that.

Dubin's section 1983 claim cannot stand, either. He has not alleged a deprivation of rights, privileges, or immunities secured by the Constitution or federal statute. Without such an allegation, section 1983 does nothing. The federal rules thus require dismissal of each of Dubin's claims against the Defendants. *See* Fed. R. Civ. P. 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must also plead "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Reger Development, LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010), *cert. denied*, --- U.S. ---, 130 S. Ct. 3507 (2010). The complaint must also make factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, *supra*, 550 U.S. at 555. "A claim should be dismissed under Rule 12(b)(6) when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Julka v. Standard Ins. Co.*, 2010 U.S. Dist., LEXIS 6641, at *5 (W.D. Wis. Jan. 27, 2010).

Here, even if taken as true, none of the facts alleged by Dubin is actionable under section 1981, and he cannot prove a set of facts in support of his claim entitling him to relief. The Court is well within its discretion to dismiss Dubin's complaint for failure to state a claim upon which relief may be granted.

Dubin responds that the Supreme Court has found in several cases that Jews *are* a protected race under section 1981. Response at 4. The parties agree on that point. However, Dubin goes too far when he argues that the Supreme Court has held that section 1981 also includes claims of religious discrimination. Dubin cites the Supreme Court's decision in *Shaare Tefila Congregation v. Cobb*, 481 U.S. 615 (1987), for the proposition that the Court held people of the Jewish faith are a protected race. The *Shaare Tefila* Court, speaking in the context of claims of racial discrimination stemming from anti-Semitic vandalism to a synagogue, held that Jews – people subjected to intentional discrimination solely because of their ancestry or ethnic characteristics – are to be considered a distinct race and protected under section 1982. However, the Court did not speak to those who simply practice Judaism, or who are discriminated against because of their Jewish faith. Section 1981 simply does not protect against discrimination based on religion. *See also Powell v. Independence Blue Cross, Inc.*, No. 95-2509, 1997 U.S.Dist. LEXIS 3866, at *21 (E.D. Pa 1997)("While 'race' has been construed broadly for purposes of § 1981, it has been limited to immutable characteristics. An individual cannot change his genealogy, but can . . . change his religion").

## B.    Dubin Has Never Alleged Facts Supporting a Claim of Race Discrimination.

Dubin's complaint of religious discrimination and retaliation against Madison Area Technical College and its Board (the "College") has long occupied a file with the U.S. Equal Employment Opportunity Commission ("EEOC") and the docket of this Court.  Through it all, Dubin has remained consistent on one point:  he was allegedly discriminated against based on his Jewish religion.

In May 2009, Dubin filed a complaint with the EEOC alleging that the College had discriminated and retaliated against him because of his Jewish faith by failing to renew his teaching contract.[1]

In January 2010, Dubin, under the same set of facts, complained to this Court, in Case No. 10-CV-35, that the College discriminated and retaliated against him because of his Jewish religion.  After extensive discovery in that case, Dubin moved the Court to amend his complaint to add individual defendants (the same individuals he names in the present lawsuit).  That motion to amend was denied.  His response was this lawsuit, with the same allegations of discrimination based on his religion, not his race.

Dubin's wish to pursue additional discrimination claims based on his Jewish race or ethnicity signifies a strategic change in course.  Though the Defendants are mindful that the Court could permit Dubin to amend his complaint once as a matter of course prior to the filing of a responsive pleading, the Defendants caution that the facts have not changed since the day Dubin's teaching contract was not renewed.

---

[1] A section of Dubin's EEOC complaint, entitled "Cause of Discrimination Based On," gave him the following options regarding the type of discrimination he experienced and asked him to check the appropriate box(es): "Race," "Color," "Sex," "Religion," "Age," "Retaliation," "National Origin," "Disability," and "Other."  Dubin checked only "Religion" and "Retaliation."  He did not check race.

## **CONCLUSION**

For all the reasons stated above, as well as those set forth in Defendants' Brief in Support of Their Motion to Dismiss, Dubin's claim under section 1981, as well as his claim under 42 U.S.C. § 1983, must be dismissed as a matter of law.

Dated this 18th day of February, 2011.

                                                 */s/ Nelson W. Phillips, III*
                                                 Nelson W. Phillips, State Bar No. 1028189
                                                 Thomas G. O'Day, State Bar No. 1058213
                                                 Michael D. Huitink, State Bar No. 1034742
                                                 GODFREY & KAHN, S.C.
                                                 780 North Water Street
                                                 Milwaukee, WI 53202-3590
                                                 Phone:    414-273-3500
                                                 Fax:       414-273-5198
                                                 Email:    mhuitink@gklaw.com
                                                                            today@gklaw.com
                                                                            nphillips@gklaw.com

                                                 *Attorneys for Defendants, Veronica Delcourt and Gwen Torkelson*

Direct Inquiries To:
Michael D. Huitink
414-287-9605

5989914_3